### FREDERICK W. BROWN *vs.* CHARLES P. GORDON.

On the trial of an action for an assault and battery, when the defendant relies in justifica tion on a prior assault by the plaintiff, if the judge instructs the jury that if they are satisfied that the plaintiff committed the first assault, and that the assault of the defend ant was defensive only, they should return a verdict for the defendant, this is ground for a new trial, unless he also instructs them that the assault of the defendant must not be disproportionate to the assault relied on in justification.

On the trial of an action for an assault and battery, committed in attempting to remove the plaintiff from a passage way of which the defendant had the lawful custody, the plaintiff proved that at the time of the assault he was about entering a house to which was annexed a right of way through the passage, and gave evidence from which he con tended that a license to him from the owner of the house might be inferred. *Held*, that to rebut such inference of a license, the defendant might prove that the plaintiff in com pany with certain other persons, had been in the habit of frequenting said house, and that the owner of the house had fastened it up for the purpose of excluding them; but that evidence that some of those persons were of bad character, and had been in the state prison was irrelevant and inadmissible.

ACTION OF TORT for an assault and battery, brought by a boy of the age of seventeen years, by his father and next friend.

The defendant, in his answer, admitting the assault, alleged first, that it was done in self-defence, to repel an assault made upon him by the plaintiff; and secondly, that it was lawfully done by him, as sexton of the Church of the Advent, in Green

Street, authorized by vote of the church to take care of its build-
ings and property, in attempting to expel the plaintiff from a
passage way by the side of the church, after a request to him to
leave it, and his refusal to do so.

At the trial in the court of common pleas, before *Bishop,* J. it
appeared in evidence that the fee of said passage way was in
the church, subject however to a right of way appurtenant to
the other estates bounding thereon. And the plaintiff called two
lads as witnesses, who testified that on the day of the assault
they, in company with the plaintiff, entered the passage way
with the view of visiting an old vacant house at the end of the
passage, belonging to the father of one of the witnesses; that
as they were about to enter the window of the house, (the door
having been previously fastened up by said witness by his
father's order,) the defendant came into the passage way, and
ordered them all out, and pushed the witnesses down the pas-
sage way; that they turned at the foot of the passage way, and
saw the defendant strike the plaintiff a blow upon the head with
his cane. There was conflicting evidence as to the weight of
the blow and the amount of injury thereby occasioned to the
plaintiff. The defendant introduced evidence that he was weak
and enfeebled by disease, and that the plaintiff was a strong
and vigorous lad, and resisted the defendant's attempts to re-
move him from the passage way, and after the assault com-
plained of, but during the struggle, wrested the defendant's cane
from his hand, and gave him a severe blow with it which con-
fined him some days to his house.

· The plaintiff contended that, being in company with the son
of the owner of the old house, to which was appurtenant a right
of way through the passage, he was lawfully there, and that a
license or permission to be there from the owner of the easement
might be inferred. To rebut this, the defendant offered evidence
to show that the old house had, for a considerable length of time
previous to said assault, been frequented by boys, some of a bad
character, and some of whom had been sent to the state prison;
that the plaintiff was one who had thus frequented said house
that meetings for worship in said church had frequently been

disturbed by them, and the windows of the church broken; that, to exclude all entry into the old house, the owner had fastened the doors and windows strongly, and that it had been broken into. This evidence was objected to by the plaintiff, but admitted by the judge.

The judge left it to the jury to determine whether the plaintiff was in said passage under or by the permission or license of those entitled to the easement aforesaid; and instructed them that the defendant was required to make out his justification to their reasonable satisfaction; and that, if they believed the plaintiff to have been wrongfully in the passage way, and that he refused to leave, after being requested to by the defendant, the defendant had a right to remove him, using no more force than necessary for that purpose: That in relation to the justification upon the ground of a first assault by the plaintiff, the jury had a right to take into consideration all the acts, conduct and declarations of the parties, admitted in evidence and connected with the transactions, as well those which immediately followed, as those which immediately preceded the assault; and if, from the whole evidence, they were satisfied that the plaintiff committed the first assault, and that the assault set out in plaintiff's declaration was defensive only, the justification was made out, and they should return a verdict for the defendant.

The jury returned a verdict for defendant, and the plaintiff alleged exceptions to the rulings and instructions of the judge.

*C. P. Hinds & W. Tilton,* for the plaintiff.

*R. H. Dana, Jr.* for the defendant. 1. The principle, that the force used in defence must be measured, in kind and degree, by the previous assault and the situation of the parties, is so well settled, and so generally understood, and the common sense of the rule is so plain, that the words " defensive only " in the instructions must be understood to have been used by the judge and received by the jury in conformity therewith. 2. The evidence respecting the previous conduct of the plaintiff and his associates was offered solely in rebuttal of the proof of license; and the judge in his instructions limited the jury, on this point, to the consideration of the acts, conduct and declarations of the

parties which were "connected with the transaction," which either "immediately followed" or "immediately preceded the assault." The defendant, if he desired more specific rulings and instructions on either point, should have asked for them at the trial.

BIGELOW, J.* The instructions to the jury in the present case seem to us to be defective and insufficient, because they do not contain the proper limitation and qualification of the right to use force to repel an assault. It is not enough for a defendant, in justification of an assault and battery, to prove that he acted in self-defence; but it must be made to appear, that no more force was used by him than the exigency reasonably demanded. If he was guilty of an unreasonable and disproportionate degree of violence towards the person of another, he is liable for such excess, although he was acting in self-defence. In such cases the question is not merely whether the defendant was the assaulted party, and so had a right to repel force by force; but also as to the degree of the beating, and its proportion to the assault of the plaintiff. The instructions in this case required the jury merely to find the fact, that the assault set out in the plaintiff's declaration was "defensive only"; whereas they should also have been directed to consider and determine, whether it was disproportionate to the assault relied on in justification; and if they so found it, to return a verdict for the plaintiff, giving damages for the excess. 2 Greenl. Ev. § 95.

The exception to the admission of certain testimony appears to us to be also well taken. Upon the question of license, it was undoubtedly competent to prove that certain persons, among whom was the plaintiff, had been in the habit of frequenting the dwelling-house at the end of the passage way, and that the owner of the house had fastened it up for the purpose of excluding these persons from the premises. But the evidence as to the character of these persons, and that some of them had been in the state prison, was irrelevant and immaterial to the issue; and

* METCALF, J. did not sit in this case.

16*

as its introduction manifestly had a tendency deeply to preju·
dice the plaintiff in the minds of the jury, we are of opinion
that on this ground also, the verdict should be set aside.    See
*Andrews* v. *Bartholomew*, 2 Met. 509 ; *Hall* v. *Power*, 12
Met. 487.                      *New trial in the court of common pleas.*

Before the case came on for trial, judgment was entered by
consent for the defendant, without costs.